UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Civil Case No. 16-cv-486-JMH |
| v. | ) ) | |
| BRANDI M. WELLS, et al., | ) ) | |
| Defendants. | ) ) | **MEMORANDUM OPINION & ORDER** |

\*\*\*

Having considered Plaintiffs' Motion for Entry of Default [DE 15], The Court is not persuaded that default is available as to Defendant Commonwealth of Kentucky, Department of Revenue, Division of Collections. Federal Rule of Civil Procedure provides for entry of default "[w]hen *a party* against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. . . ." (emphasis added). In this instance, the Commonwealth of Kentucky has filed an answer with respect to the claim in Paragraph 12 of the Complaint against its Division of Unemployment Insurance, disclaiming any interest in the subject property. The fact that it has not answered with respect to Paragraph 14 of the Complaint against its Department of Revenue, Division of Collections, does not amount to default. Rather, because the Commonwealth has failed to deny the

allegations in Paragraph 14 of the Complaint [DE 1], the allegations are admitted. *See* Fed. R. Civ. P. 8(b)(6).

While the Court will deny the entry of default as to the Commonwealth of Kentucky, the undersigned construes the motion as to the Commonwealth of Kentucky as one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). In this regard,

> "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir.1973). But we "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

*JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 566, 581-82 (6th Cir. 2007). Here, the Commonwealth of Kentucky has asserted no interest or claim upon the property subject to foreclosure by virtue of its Answer to Paragraph 12 of the Complaint or its admissions of the allegations in Paragraph 14 of the Complaint. Accordingly, judgment may be entered on the pleadings as to the Commonwealth of Kentucky.

Plaintiff's motion for default as to Defendants Brandi M. Wells (a/k/a Brandi Wells, a/k/a Brandy Wells) and Midland Funding, LLC, is well taken.

Accordingly, **IT IS ORDERED**:

(1) That Plaintiffs' Motion for Entry of Default [DE 15] is **GRANTED IN PART** and **DENIED IN PART**, as set forth above.

(2) That, having construed that portion of the Motion for Default as to the Commonwealth of Kentucky as a Motion for Judgment on the Pleadings, judgment shall be entered in favor of Plaintiff and against the Commonwealth of Kentucky, Division of Unemployment Insurance and Department of Revenue, Division of Collections;

(3) That the Clerk shall **ENTER DEFAULT** as to Defendants Brandi M. Wells (a/k/a Brandi Wells, a/k/a Brandy Wells) and Midland Funding, LLC.

This the 24th day of May, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge